PER CURIAM.
Reid B. Hughes (Hughes) appeals a non-final order determining the issue of liability in favor of Hughes Energy, Inc., (Energy) a party seeking affirmative relief.[1] We vacate the order and remand for further proceedings.
The issue before the trial court between the parties to this appeal concerned their responsibility for hazardous materials that contaminated a gas station site. Hughes had previously owned a leasehold interest in the site but assigned it to Energy in August, 1987. The assignment allocated responsibility for any contamination that occurred before the assignment to Hughes and for any contamination that occurred after the assignment to Energy. Storage and distribution of gasoline on the site continued after the assignment until 1992. At some point in time, the site became contaminated, causing the gasoline storage tanks to be abandoned and filled with inert material in 1993. Whether the contamination occurred prior or subsequent to the assignment of the leasehold interest from Hughes to Energy has never been determined in the proceedings before the trial court.
This litigation began when the lessor of the contaminated site brought an action to terminate the lease when the lessee breached its terms by failing to eliminate the contamination. In that action, the trial court terminated the lease and awarded possession to the lessor, after Hughes, who was no longer a lessee, inexplicably stipulated to the termination. Apparently the trial court then found Hughes to be the party responsible for the contamination based only upon his stipulation for termination of leasehold. However, Hughes’ stipulation that allowed summary termination of the lease by the lessor is not dispositive of the issue between Hughes and Energy, to wit: when did the contamination occur, who was in possession of the leasehold at the time of contamination, and who is responsible for the cleanup? The issue raised in both Hughes’ and Energy’s complaints, determination of the party who breached the lease by the contamination, has not been resolved and we remand for that determination and an award of damages if appropriate.
ORDER VACATED; REMANDED.
GOSHORN, PETERSON and ANTOON, JJ., concur.

. Fla. R.App. P. 9.130(a)(3)(C)(iv).